UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| Joel H. Harrison, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MBNA America Bank, N.A., ) <br> Trans Union, LLC, ) <br> Experian Information ) <br> Solutions, Inc., and Equifax ) <br> Information Services, LLC, ) <br> ) <br> Defendants. ) | C.A. No. 03-75S |

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Prior to their divorce, Joel Harrison ("Harrison") and his wife maintained a joint checking account with Citizens Bank ("Citizens") of Providence, Rhode Island. A credit card was issued to provide overdraft protection (the "4890 Card"), and charges to that card were reported on the same statement as the joint account. The 4890 Card account was subsequently sold by Citizens to MBNA America Bank, N.A. ("MBNA"), which then generated a new credit card (the "5952 Card") to replace the 4890 Card.

Following his divorce, Harrison sent a check to MBNA to pay off the balance of the 5952 Card and notified MBNA in writing that he was not responsible for the account, but rather that his ex-wife would continue to be responsible for the account. Nonetheless, MBNA continued to report to credit reporting agencies that Harrison

was an obligor on the 5952 Card and Harrison claims this caused him to be denied loans and suffer other damages. Harrison filed this action against MBNA,[1] alleging MBNA failed to properly investigate his dispute of their assertion that he was an obligor on the 5952 Card, in contravention of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., specifically 15 U.S.C. § 1681s-2(b). MBNA then filed a Motion for Summary Judgment, which was argued before Magistrate Judge Lincoln Almond. See Harrison v. MBNA America Bank, N.A., C.A. No. 03-75-S (D.R.I. Mar. 21, 2005) (Report and Recommendation of Mag. J. Almond) (the "R&R"). In his R&R, Judge Almond recommended MBNA's Motion be denied because: (1) while MBNA had argued that it was entitled to summary judgment because the information it furnished to the credit reporting agencies was accurate, accuracy is not a defense under § 1681s-2(b); (2) even if accuracy is a defense, there are too many facts in dispute to conclude, on summary judgment, that MBNA was accurate when it said Harrison was an obligor on the 5952 Card; and (3) resolution of the damages issues was best left for trial. MBNA now files this objection to the R&R.[2]

---

[1] Harrison filed this suit against a number of other defendants. However, the only defendant remaining at this stage of the proceedings is MBNA.

[2] MBNA does not challenge Judge Almond's conclusion that a plaintiff does not need to show a furnisher of credit information violated all four of the statutorily imposed duties to succeed on a § 1681s-2(b) claim. Nor does MBNA challenge Judge Almond's conclusion that Harrison sufficiently pled a "failure to

2

Following a hearing and <u>de novo</u> review, <u>see</u> <u>Rhode Island Laborers' Health & Welfare Fund v. Philip Morris, Inc.</u>, 99 F. Supp. 2d 174, 176 (D.R.I. 2000), this Court adopts the well-reasoned R&R of Judge Almond in full.

IT IS SO ORDERED.

_/s/ William E. Smith_
William E. Smith
United States District Judge
Dated: 7/13/05

---

investigate" claim.